PHILLIP A. TALBERT
Acting United States Attorney
BRIAN A. FOGERTY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**
JUN 01 2016
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:16-CR-0106 KJM |
|---|---|
| Plaintiff, | |
| v. | |
| PAMELA DAWN PIERSON, MICHELLE LOUISE TRAVIS, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: DISSEMINATION OF DISCOVERY DOCUMENTS CONTAINING NAMES AND PERSONAL IDENTIFYING INFORMATION |
| Defendants. | |

Pursuant to Fed. R. Crim. P. 16(d), the undersigned parties in this case, *United States v. Pamela Dawn Pierson, et al.*, 2:16-cr-0106 KJM, stipulate and agree, and respectfully request that the Court order that:

1. The United States shall turn over discovery containing personal identifying information of third parties in this case subject to this stipulation and associated protective order.

2. Certain documents in the government's discovery production contain names and personal identifying information of the defendants and other individuals (hereinafter, the "Protected Material"). Such personal identifying information includes, but is not limited to, surnames, street addresses, telephone numbers, drivers' license numbers, social security numbers, financial account numbers, dates of birth, and any other alphanumeric identifiers attributed to any person. Any pages of discovery that contain no personal identifying information are not subject to this order.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER         1

3. The Protected Material is now and will forever remain the property of the United States. The Protected Material is entrusted to counsel for each defendant only for purposes of representation in this case. Defense counsel will return discovery or certify that it has been shredded at the conclusion of the case and defense counsel's document retention obligations.

4. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

5. Counsel for each defendant shall not give Protected Material or any copy of Protected Material to any person other than counsel's staff, investigator, or retained expert(s). The terms "staff," "investigator," and "expert" shall not be construed to describe any defendant or other person not either regularly employed by counsel or a licensed investigator or expert hired in this case.

6. Any person receiving Protected Material or a copy of Protected Material from counsel for the defendants shall be bound by the same obligations as counsel and further may not give the Protected Material to anyone (except that the Protected Material shall be returned to counsel).

7. Counsel shall maintain a list of persons to whom any Protected Material, or copies thereof, has been given. Such persons shall be shown a copy of this Stipulation and Order and shall sign a copy of the Stipulation and Order and note that they understand its terms and agree to them.

8. Counsel shall advise such persons that the discovery is the property of the United States Government, that the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the discovery may constitute a violation of law and/or contempt of court.

9. The defendants may review the Protected Material and be aware of its contents, but shall not be given control of the Protected Material or any copies thereof. Notwithstanding the foregoing, counsel is permitted to provide the defendants with copies of documents otherwise classifiable as Protected Material so long as counsel completely redacts all personal identifying information from those documents prior to providing them to the defendants.

10. Defense counsel shall advise government counsel of any subpoenas, document requests, or claims for access to the discovery by third parties in order that the government may take action to resist or comply with such demands as it may deem appropriate.

11. In the event that a defendant obtains substitute counsel, undersigned defense counsel agrees to return to government counsel all discovery provided under this order, in order that the government may arrange for substitute counsel to sign the order and for the reissuance of discovery to new counsel.

12. The foregoing notwithstanding, after the Trial Confirmation Hearing in this case, counsel, staff, and investigator for the defendants who have confirmed for trial may make copies of the Protected Material for trial preparation and presentation. Any copies must, however, remain in the possession of counsel, staff, investigator, expert, or the Court.

Respectfully Submitted,

PHILLIP A. TALBERT
Acting United States Attorney

DATE: June 1, 2016

/s/ Brian A. Fogerty
BRIAN A. FOGERTY
Assistant United States Attorney

DATE: June 1, 2016

/s/ Dina Santos (authorized by email)
DINA SANTOS
Attorney for Pamela Dawn Pierson

DATE: June 1, 2016

/s/ Michael Petrik (authorized by email)
MICHAEL PETRIK
Assistant Federal Defender
Attorney for Michelle Louise Travis

By agreement of the parties, and good cause appearing, IT IS SO ORDERED:

DATE: 6/1/2016

Hon. Carolyn K. Delaney
United States Magistrate Judge